**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERESTED UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY OF INSURANCE NO. QSRNJ20074662, | : : : : : | CIVIL ACTION NO. 08-4186 (MLC) **MEMORANDUM OPINION** |
| Plaintiff, | : : | |
| v. | : : | |
| SAULWILL INC., | : : | |
| Defendant. | : : | |

**THE COURT** ordering the plaintiff — Interested Underwriters At Lloyd's, London Subscribing To Policy Of Insurance No. QSRNJ20074662 ("ULL") — to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 7, Order to Show Cause ("OTSC")); and ULL bringing this action for a judgment declaring that the loss at issue is excluded from coverage (1) on August 19, 2008, and (2) against the defendant, Saulwill Inc. ("SWI") (dkt. entry no. 1, Compl.); and ULL asserting — and thus bearing the burden of demonstrating — jurisdiction under Section 1332 (id. at 1), see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**ULL** merely asserting that it "is a foreign organization eligible to write business as a surplus lines insurer" (Compl. at

2); but it appearing that ULL is deemed to possess the citizenship of the policy underwriter or underwriters for a jurisdictional determination, Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 221-22 (3d Cir. 1999); Evanston Ins. Co. v. Cozen O'Conner, P.C., No. 06-4687, 2007 WL 869614, at *1-*2,*5 (D.N.J. Mar. 20, 2007); see Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 862-63 (5th Cir. 2003) (summarizing Chem. Leaman analysis); and ULL failing to properly allege its own citizenship; and

**ULL** merely asserting that SWI "operated a tavern/restaurant in . . . New Jersey and was at all relevant times, a corporation subject to the personal jurisdiction of the New Jersey Courts" (Compl. at 2); but it appearing that a corporation — assuming that SWI is a corporation — is deemed to be a citizen of the state or states in which it is incorporated and has "its" principal place of business, 28 U.S.C. § 1332(c)(1); S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006); Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004); and ULL failing to properly allege SWI's citizenship;[1] and

**IT APPEARING** that ULL's jurisdictional allegations are deficient, thereby preventing the Court from discerning if ULL is deemed to be a citizen of a different state or different states

---

[1] SWI's answer does not clarify this issue. (See dkt. entry no. 3, Answer at 2 & Countercl. at 6.)

in relation to SWI, see 28 U.S.C. § 1332(a); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising ULL of the intention to dismiss the complaint for lack of jurisdiction unless ULL properly (1) demonstrated its own citizenship as it existed on August 19, 2008, with supporting documentation, (2) identified SWI's nature of ownership and demonstrated SWI's citizenship as it existed on August 19, 2008, e.g., a certificate of incorporation or an affidavit from someone with knowledge of SWI's structure, and (3) showed that jurisdiction under Section 1332 existed on August 19, 2008 (see OTSC); and the Court advising ULL that it must specifically assert the citizenship of each party as it existed on August 19, 2008 (id.); and the Court providing further direction to ULL (id.); and

**ULL** being advised that a dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (id.), see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and ULL being advised that if it failed to respond to the Order to Show Cause

by January 6, 2009, then it would be deemed to be in support of dismissal (see OTSC); and

**ULL** failing to respond to the Order to Show Cause, even though the deadline to do so elapsed one week ago; and thus the Court intending to (1) grant the Order to Show Cause, and (2) dismiss the complaint, without prejudice to ULL to recommence the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:   January 12, 2009